# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN ALDRIDGE,<br><br>    Plaintiff,<br><br>v.<br><br>R. KONRAD MOORE, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00170 - LJO - JLT<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE MATTER WITHOUT PREJUDICE |

Plaintiff Darren Aldridge initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983, asserting R. Konrad Moore and Brian Foltz are liable for violations of his civil rights. (Doc. 1) According to Plaintiff, Moore and Foltz "deprived Plaintiff [of] his 4th amendment right to effective assistance of Council… [and] failed to take steps required to make an adequate defense." (Id. at 3)

The Magistrate Judge determined Plaintiff was unable to state a claim upon which relief may be granted, because the public defenders are not state actors within the meaning of 42 U.S.C. § 1983. (Doc. 3 at 4, citing Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003)). Accordingly, the Magistrate Judge recommended Plaintiff's complaint be dismissed without prejudice, and his motion to proceed in forma pauperis be denied. (Id. at 5)

Plaintiff filed objections to the Magistrate Judge's recommendations on February 29, 2016. (Doc. 4) Plaintiff argues the recommendation of dismissal "should be deemed premature" and the Court should have granted him leave to amend the complaint to cure the deficiencies of his complaint. (Id. at 2) According to Plaintiff, he "is confident he can satisfy the Court's requirement in stating a cognizable claim." (Id. at 2-3)

Significantly, however, Plaintiff fails to acknowledge that the defendants identified in his complaint are not state actors within the meaning of 42 U.S.C. § 1983.  As the Magistrate Judge explained, the Ninth Circuit has determined that a public defender representing a client in the lawyer's traditional adversarial role is not a state actor for purposes of Section 1983.  <u>Miranda v. Clark County</u>, 319 F.3d 465, 468 (9th Cir. 2003) (citing <u>Polk County v. Dodson</u>, 454, U.S. 312 (1981)).  Thus, Plaintiff's claim for ineffective assistance of counsel fails as a matter of law under 42. U.S.C. §1983. Instead, such a claim is properly brought in a petition for writ of habeas corpus, following exhaustion of applicable state remedies.  <u>See</u> 28 U.S.C. § 2254.  Because Plaintiff's claim fails as a matter of law, leave to amend to amend would be futile.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts alleged).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of the case. Having carefully reviewed the record, the Court finds the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations dated February 9, 2016 (Doc. 3) are **ADOPTED IN FULL**;
2. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**;
3. The action is **DISMISSED** without prejudice; and
4. The Clerk of Court is DIRECTED to close this action, because this order terminates the matter in its entirety.

**IT IS SO ORDERED**
**Dated: March 3, 2016**

                                              **/s/ Lawrence J. O'Neill**
                                              **United States District Judge**